Howard DE MERE, et al., Appellants,

v.

MISSOURI STATE HIGHWAY AND TRANSPORTATION COMMISSION,
Respondent,

and

St. Louis County, Missouri, Respondent,

and

Missouri State Treasurer, Auditor and Director of Administration,
Respondents,

and

Citizens for Modern Transit,
Amicus Curiae.

No. WD 48386.

Missouri Court of Appeals,
Western District.

March 15, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 3, 1994.

Application to Transfer Denied
June 21, 1994.

J. Peter Schmitz, Mark Allen Brittingham, St. Louis, for appellants.

Gregory W. Schroeder, Jefferson City, for respondent Mo. State Hwy. & Transp. Com'n.

Andrew J. Minardi, Asst. County Counselor, Clayton, for respondent St. Louis County, Mo.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christie A. Kincannon, Asst. Atty. Gen., Jefferson City, for respondent Mo. State Treasurer, Auditor & Director of Admin.

John Fox Arnold, St. Louis, for amicus curiae Citizens for Modern Transit.

BEFORE SMART, P.J., and
LOWENSTEIN and FENNER, JJ.

FENNER, Judge.

Appellants, Howard De Mere, Walter L. Eshbach, Geraldine S. Cooper, and Gary R. Goetz, appeal from the judgment of the trial court granting summary judgment on behalf of respondent, Missouri Highway and Transportation Commission (MHTC), and dismissing appellants' action against the other respondents consisting of the Treasurer, Auditor, and Commissioner of Administration of the State of Missouri (State Officials), and St. Louis County, Missouri along with its County Executive, and members of the St. Louis County Council (County Respondents).

This appeal arises from a petition filed by appellants, as taxpayers, seeking to prevent the State Officials and the MHTC from making an expenditure from the state road fund in relation to a proposed highway to be built in St. Louis County. The proposed highway in question here is known as the Page Avenue Extension. The Page Avenue Extension is planned as an eight lane divided highway,

with auxiliary lanes, that extends Page Avenue westwardly across the Missouri River into St. Charles County, Missouri.

The route proposed for the Page Avenue Extension is referred to as the "red alignment." The red alignment routes the highway through Creve Coeur Lake Memorial Park just next to the southern tip of Creve Coeur Lake.

Generally, federal law restricts the use of federal funds to build a highway through a park. However, in 1992, the Pipeline Safety Act of 1992 was enacted with section 601 thereof relating to the Page Avenue Extension in St. Louis County. Section 601 exempts the Page Avenue Extension project from the restrictions on the use of federal funds for building a highway through a park if 1) the Secretary of Transportation determines that a final environmental impact statement has been completed by the State of Missouri and approved by the Secretary, and 2) the State of Missouri enters into an "enforceable agreement" with the Secretary to implement a project "mitigation plan" as set forth in said section 601.

The mitigation plan consists primarily of purchasing 600 acres of adjacent land as an addition to the park and requires a monetary contribution by the State of Missouri of not less than $6,000,000 of state funds to finance the mitigation plan.

Appellants alleged in their petition that the proposed mitigation plan is not authorized under section 226.220, RSMo 1986, and Article IV, § 30(b)(1) of the Missouri Constitution which limit the expenditure of state road funds to the location, relocation, establishment, acquisition, construction and maintenance of highways, bridges and tunnels and purposes and contingencies relating and appertaining thereto. Summary judgment was granted on behalf of MHTC and the other respondents herein were dismissed from the action. Appellants purport to appeal against all parties respondent.

## State Officials and County Respondents

The State Officials and County Respondents sought dismissal on the grounds that the petition failed to state a claim against

them and that they were not proper parties defendant. In its judgment, the trial court sustained the Motions to Dismiss of the State Officials and the County Respondents without stating the reason for dismissal.

On appeal, the trial court's judgment is presumed valid and the burden is on appellant to demonstrate incorrectness of the judgment. *Delaney v. Gibson,* 639 S.W.2d 601, 604 (Mo. banc 1982). If the trial court states no reason for dismissal, the appellate court will assume it acted for reasons offered in the motion to dismiss. *Zimmer v. Zimmer,* 862 S.W.2d 355, 364 (Mo.App.1993). Furthermore, where the plaintiff appeals against more than one defendant and only briefs alleged error in regard to one defendant, the appeal against the other defendant is deemed abandoned. *Charles Palermo Co. v. Wyant,* 530 S.W.2d 15, 17 (Mo.App.1975).

Appellants herein only brief the propriety of the trial court's summary judgment for MHTC. Appellants do not argue in their initial brief that their petition stated a claim against the State Officials or County Respondents or that they were proper parties defendant. Therefore, the appellants have abandoned their appeal against the State Officials and County Respondents.

## MHTC

The appeal herein against MHTC turns on appellants' argument that the proposed mitigation plan is not authorized under Article IV, § 30(b) of the Missouri Constitution which provides, in pertinent part, as follows:

1. For the purpose of constructing and maintaining an adequate system of connected state highways all state revenue derived from highway users as an incident to their use or right to use the highways of the state ... shall be credited to the state road fund and stand appropriated without legislative action for the following purposes, and no other:

First, to the payment of the principal and interest on any outstanding state road bonds.

Second, any balance ... shall be expended under the supervision and direction

of the commission for the following purposes:

(1) To complete and widen or otherwise improve and maintain the state system of highways heretofore designated and laid out under existing laws;

(2) To reimburse the various counties and other political subdivisions of the state, except incorporated cities and towns, for money expended by them in the construction or acquisition of roads and bridges now or hereafter taken over by the state as permanent parts of the system of state highways, . . .;

(3) In the discretion of the commission to locate, relocate, establish, acquire, construct and maintain the following:

(a) supplementary state highways and bridges in each county of the state as hereinafter provided;

(b) state highways and bridges in, to and through state parks, public areas and reservations, and state institutions now or hereafter established, and connect the same with the state highways; and also national, state or local parkways, travelways, tourways, with coordinated facilities;

(c) any tunnel or interstate bridge or part thereof, where necessary to connect the state highways of this state with those of other states;

(d) any highway within the state when necessary to comply with any federal law or requirement which is or shall become a condition to the receipt of federal funds;

(e) any highway in any city or town which is found necessary as a continuation of any state or federal highway, or any connection therewith, into and through such city or town; and

(f) additional state highways, bridges and tunnels, outside the corporate limits of cities having a population in excess of one hundred fifty thousand, either in congested traffic areas of the state or where needed to facilitate and expedite the movement of through traffic.

(4) To acquire materials, equipment and buildings necessary for the purposes herein described; and

(5) For such other purposes and contingencies relating and appertaining to the construction and maintenance of such highways and bridges as the highways and transportation commission may deem necessary and proper.

Appellants argue that Article IV, § 30(b) does not allow for the expenditure of funds from the state road fund as required under the mitigation plan. The trial court found that the costs attributable to the mitigation plan constitute "other purposes and contingencies relating and appertaining to the construction and maintenance of such highways and bridges as the highways and transportation commission may deem necessary and proper" as provided under Article IV, § 30(b)1(5). Appellants take the position that the trial court's interpretation of the authority granted MHTC under Article IV, § 30(b)1(5) is overbroad.

■■■ The fundamental purpose of constitutional construction is to give effect to the intent of the voters who adopted the amendment. *Keller v. Marion County Ambulance Dist.*, 820 S.W.2d 301, 302 (Mo. banc 1991) (citing *Boone County Court v. State*, 631 S.W.2d 321, 324 (Mo. banc 1982)). Traditional rules of construction dictate looking at words in the context of both the particular provision in which they are located and the entire amendment in which the provision is located. *Id.* (citation omitted). Furthermore, in arriving at the intent and purpose of constitutional provisions, the construction should be broad and liberal rather than technical, and the constitutional provision should receive a broader and more liberal construction than statutes. *State Highway Comm'n v. Spainhower*, 504 S.W.2d 121, 125 (Mo. 1973).

■■■ As provided under Article IV, § 30(b)1, the state fund exists "[f]or the purpose of constructing and maintaining an adequate system of connected state highways."

Appellants cite to *Joseph L. Pohl, Contractor v. State Highway Commission*, 431 S.W.2d 99 (Mo. banc 1968), and *State ex rel.*

*State Highway Commission v. Pinkley,* 474 S.W.2d 46 (Mo.App.1971), in support of their argument that Article IV, § 30(b)1(5) does not grant authority for MHTC to use state road funds for the proposed mitigation plan herein because subsection (5) is limited by the scope of the preceding four paragraphs of Article IV, § 30(b)1.

In *Pohl,* the court denied the use of state road funds for the purpose of paying indebtedness relating to certain toll road bonds on the basis that the toll roads were not part of the constitutional state highway system. *Pohl,* 431 S.W.2d at 105. It was argued in *Pohl* that subsection (5) of Article IV, § 30(b)1 authorized the use of state road funds for toll road purposes. In addressing this argument, the court held that any authority or power conferred by subsection (5) is limited to the accomplishing of additional discretionary matters in connection with the highways and bridges as specified in subsections (1) through (4) of Article IV, § 30(b)1 which do not include toll roads. *Id.* at 105.

In *Pinkley,* the court held that state road funds could not be used to provide a rest stop on a *state highway.* In *Pinkley,* the court relied on *Pohl* in interpreting the meaning and application of subsection (5) of Article IV, § 30(b)1. *Pinkley,* 474 S.W.2d at 52. The court, in *Pinkley,* also relied on the fact that state funds were prohibited by legislative enactment from being used for rest areas abutting federal highways. *Id.* at 52. The court, therefore, reasoned in *Pinkley* that state funds could likewise not be used for a rest area where a state highway was involved. *Id.* at 52–53.

The case at bar is distinguishable from both *Pohl* and *Pinkley.* *Pohl* dealt with a private toll road, and *Pinkley* dealt with a prohibition by legislative enactment from using state funds for a particular purpose.[1] Unlike *Pohl,* the road in question here is a state highway, not a private road. Unlike *Pinkley,* where the court reasoned that the legislature had directed that state funds not be used for the purpose of a rest area, in the case at bar, by virtue of section 226.150,

RSMo 1986, the legislature has directed that MHTC comply with conditions imposed by the federal government in order to secure federal funding.

Section 226.150, RSMo 1986, provides as follows:

> The commission is hereby directed to comply with the provisions of any act of Congress providing for the distribution and expenditure of funds of the United States appropriated by Congress for . highway construction, and to comply with any of the rules or conditions made by the Bureau of Public Roads of the Department of Agriculture, or other branch of the United States government, acting under the provisions of federal law in order to secure to the state of Missouri funds allotted to this state by the United States government for highway construction.

Therefore, unlike *Pinkley,* the expenditure of state road funds in the case at bar was expressly authorized by state law in order to comply with the provisions of the act of Congress requiring the mitigation plan as a condition to receiving federal funds.

The dispute between the parties here is not whether the Page Avenue Extension is a state highway. The dispute is only as to whether state road funds can be used in regard to the red alignment. Article IV, § 30(b)1(3)(b) gives MHTC discretion to locate, establish or construct state highways through public areas. Creve Coeur Park is a public area. Furthermore, subsection (5) of Article IV, § 30(b)1 authorizes the use of state road funds for such purposes and contingencies relating and appertaining to the construction of state highways as MHTC deems necessary.

Considering the purpose of Article IV, § 30(b) as being to establish a fund for constructing and maintaining an adequate system of state highways, and considering that the mitigation costs "relate and appertain" to the construction of the Page Avenue Extension because they are required by federal law, we believe that the proposed mitigation

---

1. This is not to say that the court's finding in *Pinkley* is accepted as precedent or even agreed with by this court. This reference is merely to show the reasoning as applied by the court in *Pinkley.*

plan is appropriate for the expenditure of state road funds in accordance with Article IV, § 30(b) of the Missouri Constitution.[2]

The judgment of the trial court is in all respects affirmed.

All concur.

**2.** Appellants argue further in their brief that the trial court erred by relying on *State ex rel. State Highway Commission v. Eakin,* 357 S.W.2d 129 (Mo.1962); erred in relying on section 226.150, RSMo 1986; erred in not applying the rule of ejusdem generis; and, erred by not finding the funding agreement unenforceable. In accordance with our analysis and denial of appellants' argument that the trial court erred by concluding that the mitigation plan costs were within the purposes contemplated by Article IV, § 30(b) of the Missouri Constitution, appellants' other arguments also necessarily fail as legally irrelevant.

The fact that the trial court might have relied upon alleged improper authority in reaching a proper conclusion is of no consequence. The rule of ejusdem generis which requires that "where a statute contains general words only, such general words are to receive a general construction, but, where it enumerates particular classes of things, followed by general words, the general words so used will be applicable only to things of the same general character as those which are specified", *State v. Lancaster,* 506 S.W.2d 403 (Mo.1974), (quoting *McClaren v. G.S. Robins & Co.,* 162 S.W.2d 856, 858 (Mo.1942)), is not applicable here. Furthermore, the funding agreement providing for payment from the state road fund was not unenforceable as being in violation of Article IV, § 30(b) of the Missouri Constitution as argued by appellants.