SAMUEL SANFORD *vs.* DARIUS HARVEY & another.

To terminate a lease at will by a notice, under Rev. Sts. *c.* 60, § 26, when the rent is payable monthly, a month's notice must be given, which must either specify the exact day on which the next month expires, or state generally that the tenancy will be terminated in one month from the next rent day.

ASSUMPSIT for the rent of a house in Thatcher Court, Boston, from the 16th February to 16th April, 1850. It was

submitted to the jury on an agreed statement of the evidence, which, so far as material, was as follows :

Archibald Little, on the 15th of October, 1849, hired, by parol, of the plaintiff, a house for one year, the rent to be payable monthly, in advance, on the fifteenth of each month. The defendants, on the 14th November, 1849, guaranteed to the plaintiff, by a written guaranty, the payment of the monthly rent during the year. January 2d, 1850, Little vacated the premises, and left the key with the son of the plaintiff at the plaintiff's office. On the same day the plaintiff notified the defendants of the fact, and that he refused to receive the key, that they could have it, and that he should look to them upon their guaranty for the rent. On the 3d January, the plaintiff sent the key to Little's residence. On the 5th January, Little served upon the plaintiff the following notice: " Boston, January 5th, 1850.—To Samuel Sanford. Sir—You are hereby notified that I shall determine my estate at will in the dwelling-house lately occupied by me, situated in Thatcher Court, in said Boston, one month from the day of the date hereof. Archibald Little." A precisely similar notice, dated January 16th, 1850, was served on the plaintiff on the day of its date. On the 15th February, 1850, Little sent the key to plaintiff, but he refused to receive it. The jury found specially, that the plaintiff refused to accept the key. The rent was fully paid to February 15th, 1850, and this action was for the rent due on the 15th March and 15th April. The question was, whether the tenancy at will was terminated by either of the notices.

*S. C. Maine,* for the plaintiff.

*F. W. Dickinson,* for the defendants.

BIGELOW, J. From the facts agreed, and the special verdict in this case, it appears that the defendants were sureties for one Archibald Little, by a written agreement for the rent of a house in Thatcher Court; that said Little occupied said house under a parol lease, commencing October 15th, 1849, the rent being at first payable monthly in advance, but subsequently, upon the giving of the said written guaranty by the defendants, payable at the expiration of each month;

that said Little vacated said house on the 2d of January, 1850; that on the fifth day of said January, he gave the plaintiff written notice that he should determine his estate at will in the premises in one month from the day of the date of said notice; and on the sixteenth day of the same month he gave another similar notice to the plaintiff of his intention to determine his lease in one month from the day of the date of the second notice. The rent was paid in full up to February 15th, 1850, inclusive, and this action is brought to recover of the defendants under said written guaranty the rent for the two months ending on the fifteenth days of March and April, 1850. It is agreed that the tenancy commenced on the fifteenth day of the month, and that the rent became due and payable on that day in each month.

The only question raised upon these facts is, whether either of said notices was valid and sufficient to terminate the parol lease under which said Little occupied the premises. It has already been decided, upon full consideration, that under Rev. Sts. *c.* 60, § 26, a notice to quit, when the rent is payable monthly, in order to be effectual for the purpose of terminating a tenancy at will, must expire in a month from the day on which the rent becomes payable, and that a notice to quit which breaks into the month and expires on an intermediate day, is invalid and insufficient. *Prescott* v. *Elm,* 7 Cush. 346. But the defendants contend that the present case is not governed by that decision, because the notice of January 5th, although insufficient to determine the lease on the 5th of February, for the reason that it would not expire on the day when the rent became due, would nevertheless be sufficient to terminate it on the fifteenth day of February, because the plaintiff would thus have received a notice which covered an entire interval of a month between the days of payment. But this position cannot be maintained. It is a well settled rule of law, applicable to notices to quit, that, in order to be valid, the day on which the tenancy is to be terminated by the notice must be truly stated, and that any mistake in this respect will be fatal. The authorities all concur on this point, and are collected in 2 Archb. N. P. 397.

If, therefore, a person designate in his notice a day for the termination of a tenancy, which is not the day on which the rent is payable, or a day on which the tenancy can be legally made to expire by a notice, the notice is unavailing, and the tenancy may still continue. No one is obliged to regard a notice which fixes a day for the termination of a lease different from that on which a lease can be by law made to terminate. Such a notice, being one that neither party had a right to give, is treated as a nullity. Upon this ground it has been recently decided, that under *St.* 1847, *c.* 267, § 1, by which, in case of nonpayment of rent, a written lease may be determined by fourteen days' notice to quit, a notice to quit forthwith is invalid. *Oakes* v. *Munroe*, 8 Cush. 282. It is by no means necessary to name the precise day and date on which a tenancy is to expire, in a notice to quit, but it may be designated in general terms, if stated correctly. Therefore a notice to quit at the end of the month or quarter, (as the case may be,) which will expire next subsequent to the day when the rent shall again become due, without specifying the exact day of the month, would be sufficient to terminate a tenancy at will, under our statutes, after the lapse of the requisite time from the giving of the notice. If, for instance, in the present case, the notice to the landlord had been that the tenant would quit the premises and terminate his tenancy in one month from the day when the rent should next become due and payable, that would have been a good notice to terminate the tenancy, because it designated a day with sufficient certainty equally within the knowledge of the tenant and landlord. Notices to quit in this general form are frequently adopted in England. 2 Archb. N. P. 397, 398. But in the present case, both of the notices given by the tenant designate as the day for the termination of the tenancy, one month from the day of the date of the notice. Neither of these fell on the day when the rent was due, but were intermediate days breaking in on the monthly tenancy. They were therefore insufficient, and the tenancy remained undetermined.

*Judgment for the plaintiff.*