**Mark MURPHY, Appellant,**

v.

**COLE NATIONAL CORPORATION, Respondent.**

**No. WD 38103.**

Missouri Court of Appeals, Western District.

May 19, 1987.

 

Larry M. Brummet, Kansas City, for appellant.

Robert C. Haldiman, Bagby & Jacob, Kansas City, for respondent.

Before SHANGLER, P.J., and MANFORD and BERREY, JJ.

SHANGLER, Presiding Judge.

The plaintiff Murphy sued the defendant Cole National Corporation for damages for injury to the eyes from the negligent insertion of contact lenses. The petition alleged the cause of action in two counts. Count I was couched in terms of specific negligence, and Count II in res ipsa loquitur. The plaintiff elected to submit on the theory of res ipsa loquitur, and the jury returned a verdict of $125,000 for the plaintiff. The defendant then moved for judgment notwithstanding the verdict on the ground that the plaintiff had not proven the res ipsa loquitur theory of negligence. The court sustained the motion and entered the order:

> The defendant, Cole National Corporation, has filed a motion for judgment notwithstanding the verdict and that motion is *SUSTAINED* on the basis of the res ipsa loquitur submission and the failure of plaintiff to prove control or right of control of the instrumentality in question, causation, and that the occurrence would not ordinarily occur except in the absence of negligence of the defendant. *The court* has strong reservations that the plaintiff made a submissible case under any theory but *specifically does not rule this motion on the basis that plaintiff failed to prove a cause of action submissible to the jury.*
> Therefore, the verdict of the jury that was rendered on the 24th day of July, 1985 is set aside and for naught held and *the case is returned to the active trial docket for further disposition.* [emphasis added]
> *October 23, 1985*
> <u>Forest W. Hanna, Judge</u>

The plaintiff then moved for change of judge, and the case was lodged with Honorable Edith L. Messina. The plaintiff moved

the court to allow amendment of the petition to reallege the cause of action in terms of specific negligence. The court denied the proposed amendment with the order:

> Judge Hanna's order sets aside the verdict of the jury on the *res ipsa loquitur* submission. Plaintiff voluntarily abandoned his other cause of action before submission to the jury.
>
> This Court holds that the negligence cause of action was dismissed at the election of the plaintiff at the close of all the evidence. Since there is no order dismissing the action without prejudice, then the dismissal is with prejudice pursuant to Supreme Court Rule 67.03.
>
> [Judge] Edith L. Messina
> January 24, 1986

■ The notice of appeal advises that the plaintiff Murphy appeals from the grant of the judgment notwithstanding the verdict and from the later dismissal of the petition with prejudice. The order of judgment notwithstanding the verdict was entered on October 23, 1985, and the notice of appeal was filed on February 27, 1986—127 days later. An appeal does not become effective, however, unless the notice be filed not later than ten days after the judgment or order appealed from becomes final. Rule 81.04. A judgment notwithstanding verdict which finally determines the rights of the parties to the action or an order for new trial are final adjudications for purpose of appeal. § 512.020, RSMo 1986; Rule 74.01; *State ex rel. State Highway Commission v. Armacost Motors, Inc.*, 502 S.W.2d 330, 331 (Mo.1973). In case the judgment or order becomes the subject of a timely post-trial motion, the judgment becomes final after ninety days, or when the motion is ruled—whichever occurs first. Rule 81.05. The motion for judgment notwithstanding the verdict was granted on October 23, 1985. It was then final, and the notice of appeal was due not later than ten days thereafter. Rules 81.04 and 81.-05. The jurisdiction of the court of appeals had lapsed *as to the judgment notwithstanding the verdict* when the notice of appeal was filed 127 days later, and hence our power to consider the contention of error that the res ipsa loquitur theory upon which the verdict of $125,000 rested was fully proven. *Goldberg v. Mos*, 631 S.W.2d 342, 345[1–4] (Mo.1982).

■ The notice of appeal was effective, however, to vest our jurisdiction for review of the order of dismissal of the petition with prejudice entered by Judge Edith L. Messina on January 24, 1986. That judgment, unchallenged by motion, became final at the expiration of thirty days after entry. Rule 81.05. The notice of appeal was filed within ten days thereafter, and hence engaged our jurisdiction to review the judgment of January 24, 1986.

The occasion for the order of dismissal entered by Judge Messina was the motion of the plaintiff to amend the petition. The $125,000 verdict returned by the jury on the negligence cause of action submitted on the res ipsa loquitur theory of Count II of the petition had been "set aside and held for naught" by the judgment notwithstanding the verdict entered by Judge Hanna on the post-trial motion of the defendant. That judgment also directed that the case be "returned to the active trial docket for further disposition." The motion of the plaintiff to amend the petition was the request for leave to reformulate the negligence cause of action on the retrial in terms of specific negligence. The defendant not only opposed amendment, but urged that the election to submit under res ipsa loquitur Count II was in effect to dismiss specific negligence Count I—and since Judge Hanna adjudged a judgment notwithstanding the verdict as to Count II, nothing remained for the petition on which the cause was tried except the formality of dismissal.

The court denied the request to amend, determined that by the submission to the jury on the theory of res ipsa loquitur the plaintiff "voluntarily abandoned his other cause of action" and thus elected to "dismiss the negligence cause of action at the close of all the evidence," and since there was no order that the dismissal be without prejudice—[so the court reasoned]—"the

dismissal [was] with prejudice pursuant to Supreme Court Rule 67.03."[1]

▮▮▮ Rule 67.03 relates to the dismissal of civil actions. The civil action the petition pleads is a claim for damages for personal injury from the negligence of the defendant. The petition pleads that cause of action in two counts: Count I on the theory of specific negligence, and Count II on the theory of res ipsa loquitur. These allegations are not statements of two causes of action [as the order of dismissal aberrantly reasons], but of two alternative theories of proof of the single cause of action for negligence. *City of Kennett v. Akers*, 564 S.W.2d 41, 45[2–6] (Mo. banc 1978); Harper and James, The Law of Torts § 19.11 (2d ed. 1986). It is so that a theory of negligence not submitted to the jury is deemed abandoned. *Page v. Hamilton*, 329 S.W.2d 758, 762[5, 6] (Mo.1959); *Guthrie v. City of St. Charles*, 347 Mo. 1175, 152 S.W.2d 91, 93[1] (banc 1941). The "abandonment" by the plaintiff of the theory of specific negligence by nonsubmission, however, is more aptly deemed a petition amended prior to submission than a pleaded theory dismissed. *City of Kennett v. Akers*, 564 S.W.2d at 46[6–7]. In either event, the petition remained intact as a subsistent civil action by the submission of the negligence cause of action under the res ipsa loquitur theory. It is only where the *action* is "abandoned" that nothing remains of the petition upon which the court can act. *Samland v. J. White Transportation Co., Inc.*, 675 S.W.2d 92, 96[3, 4] (Mo.App. 1984).

▮▮▮ The rationale for the order of dismissal entered by Judge Messina would have more validity if the judgment notwithstanding the verdict entered by Judge Hanna was a final disposition of res ipsa loquitur Count II—and hence [since specific negligence Count I was "abandoned" before submission], of the negligence cause of action. That rationale, however, slights altogether the direction in the judgment notwithstanding the verdict that *the case [be] returned to the active trial docket for further disposition*. The order was in response to a motion for judgment notwithstanding the verdict. The defendant did not conjoin that motion with a motion for new trial as Rule 72.01(b) expressly allows. The obvious purpose of the order entered by Judge Hanna on the motion for judgment notwithstanding the verdict nevertheless was to prevent entry of judgment either for the plaintiff or for the defendant, but to set aside the verdict, and to grant the plaintiff and the defendant a retrial. It was in very effect an order for a new trial. *Lee's Summit Bldg. & Loan Ass'n v. Cross*, 345 Mo. 501, 134 S.W.2d 19, 22[2–4] (1939).

The role of a motion for judgment notwithstanding the verdict under Rule 72.-01(b), of course, is akin to that of a motion for directed verdict at the close of the evidence and presents the same issue: whether the plaintiff made a submissible case. *Wells v. Orthwein*, 670 S.W.2d 529, 532[1, 2] (Mo.App.1984). In the usual course, the failure to prove a submissible case is properly a ground for judgment notwithstanding the verdict, but not for a new trial. *Alderson v. Clark & Oil Refining Corporation*, 637 S.W.2d 84, 88[3, 4] (Mo.App.1982). That practice of peremptory reversal for failure of proof, however, is subject to the paramount rule of fair adjudications. Thus, where the failure of proof results from a misconceived theory of recovery, but the evidence nevertheless shows a state of facts which may entitle the plaintiff to recover under a proper theory, in the interests of justice—and where

---

1. Rule 67.03 *Dismissal Without Prejudice and With Prejudice*

A dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred. A dismissal with prejudice bars the assertion of the same cause of action or claim against the same party. Any voluntary dismissal other than one which the party is entitled to take without prejudice, and any involuntary dismissal other than one for lack of jurisdiction, for prematurity of action, for improper venue or for failure to substitute a party for a decedent shall be with prejudice unless the court in its order for dismissal shall otherwise specify.

Rule 67.03 is among and *in pari materia* with Rules 67.01 through 67.07. *See* Strong, *What Every Lawyer Should Know About Dismissals,* 38 Mo.B.J. 401 (1982).

the theory asserted at the trial was not for strategic advantage—" 'the judgment will not be reversed outright, but instead, in the exercise of a sound judicial discretion, *the case will be remanded to give [the plaintiff] the opportunity to amend his petition, if so advised, so as to state a case upon the theory which his evidence discloses.*' " [emphasis added] *Zimmerman v. Associates Discount Corporation,* 444 S.W.2d 396, 398[3] (Mo. banc 1969). *See also Lamont v. Thompson,* 303 S.W.2d 589, 595[6–8] (Mo.1957).

That principle of just and fair adjudications applies with equal cogency to a case where the evidence has proven specific negligence but the plaintiff, without guile or stratagem for advantage, mistakenly submits on the res ipsa loquitur theory—a recovery the evidence does not prove. Thus, in *Shafer v. Southwestern Bell Telephone Company,* 295 S.W.2d 109 (Mo. 1956), the administratrix of the decedent brought a wrongful death action and submitted the case to the jury under res ipsa loquitur. The jury returned damages, but the court on appeal determined that an element of the res ipsa loquitur submission—that the occurrence which resulted in death was such as would not ordinarily happen if those in charge used due care— was not proven, and reversed the judgment. The court determined nevertheless [*id.* at 116[18]]:

> [B]ut since there are circumstances shown by the record from which inferences of specific negligence on the part of Bell might be drawn [citation], and because it appears that plaintiff's submission clearly was a 'misadventure upon a mistaken legal theory' as to the extent of the res ipsa loquitur doctrine under the facts of this case as distinguished from 'legal strategy' [citation], the judgment against Bell is reversed and remanded

*See also Long v. Spanish Lake Service, Inc.,* 507 S.W.2d 935, 939[9] (Mo.App.1974); *Willis v. Terminal R.R. Ass'n of St. Louis,* 421 S.W.2d 220, 225[7] (Mo.1967).

The exercise of that principle of fairness, although typically articulated as an incident of appellate court discretion, is also open to a trial judge by the text of motion notwithstanding the verdict Rule 72.01(b):

> If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed.

The order of Judge Hanna sets aside the verdict for the plaintiff on the res ipsa loquitur theory for failure of the proof, but expressly rejects the ultimate relief of direction of entry of judgment for the defendant as on the motion for directed verdict at the close of all the evidence, and returns the negligence cause of action *to the active trial docket for further disposition.* Implicit in that order for new trial is "the opportunity to amend [the] petition so as to state a case upon the theory which [the] evidence discloses." *Zimmerman v. Associates Discount Corporation,* 444 S.W.2d at 398[3]. That order for new trial entered by Judge Hanna on October 23, 1985 was final for all purposes at the time the adjudicative jurisdiction of the case vested in Judge Messina by the order of change of judge.

It was error for Judge Messina to dismiss the cause of action with prejudice under Rule 67.03 on the premise that the trial conduct of the plaintiff already accomplished a voluntary dismissal. It was an abuse of discretion for Judge Messina to deny the amendment of petition tendered by the plaintiff. Rule 55.33(a). The judgment of dismissal is reversed and the cause is remanded with directions that the tender of amendment to the petition be allowed and that the cause be reinstated on the active trial docket for further trial or disposition.

All concur.