**TOWER PROPERTIES COMPANY, Respondent,**

**M.B.T. Partners, L.P., Appellant–Respondent,**

v.

**George G. ALLEN, Jr., et al., Respondent Appellant.**

Nos. WD 57473, WD 57490.

Missouri Court of Appeals, Western District.

Dec. 19, 2000.

Lance Wolf Lefevre, Kansas City, for respondent-appellant George C. Allen, Jr.

Jeffrey S. Bay, Kansas City, for respondent.

Robert B. Thompson, Kansas City, for appellant-respondent M.B.T. Partners, L.P.

Before BRECKENRIDGE, P.J., ULRICH, J. and HOWARD, J.

ULRICH, Judge.

George G. Allen appeals from the judgment entered in favor of Tower Properties ("Tower") and against George Allen as it relates to both Tower's action for unlawful detainer and Mr. Allen's counter-claim for breach of contract following a judge tried case. The trial court awarded Tower damages in the amount of $7,458.69 on the unlawful detainer action, plus an additional sum of $4,500.00 in attorney's fees incurred in defending the breach of contract counter-claim based on an attorney's fee provision in the lease. Mr. Allen claims that the trial court erred in (1) entering a judgment in favor of Tower Properties on Tower's unlawful detainer action; (2) not entering a judgment in Mr. Allen's favor on his counter-claim for breach of contract; and (3) awarding Tower attorney's fees. M.B.T. Partners, L.P. ("MBT") filed a motion to dismiss Mr. Allen's appeal as it relates to MBT and award MBT attorney's fees under Rule 84.19. The motion was ordered taken with the case. MBT also cross-appeals alleging the trial court erred in refusing to award MBT attorney's fees against Mr. Allen under the terms of the lease. The case as it pertains to Mr. Allen's appeal is affirmed in part and reversed in part. MBT's motion to dismiss and award attorney's fees is granted. The judgment as it relates to MBT's cross-appeal is affirmed.

## I. Facts

MBT, as owner of an office building known as the Ridge Arcade Building located at 916 Walnut, Kansas City, Missouri, and Mr. Allen entered into a lease agreement on September 10, 1993, wherein Mr. Allen leased from MBT a suite located in the Arcade Building for a term of one year commencing on September 10, 1993 and terminating on September 30, 1994. The lease also included an addendum signed by both parties, which gave Mr. Allen the option to extend the lease for an additional two years, through September 30, 1996. The lease also provided that if Mr. Allen continued to hold the leased premises after the termination of the lease, the tenancy would continue as a month-to-month tenancy at will with all of the other conditions remaining the same.

After entering into the lease, Mr. Allen requested options to extend the lease for three additional years beyond September 30, 1996. Mr. Allen prepared, signed and forwarded a second addendum to the lease to MBT, reciting the terms of the additional options Mr. Allen sought to add to the lease. MBT, by and through its president, modified the second addendum by inserting and requiring a sixty-day notice provision in order to exercise the options for additional years. The amended and modified second addendum was signed and initialed by MBT and then returned to Mr. Allen. Mr. Allen neither objected, responded nor agreed to the amendments and modifications made by MBT to the second addendum.

Tower entered into a contract to purchase the Arcade Building from MBT on September 19, 1996. Tower closed on the purchase of the Arcade Building on October 11, 1996. Shortly thereafter, Tower notified the tenants of the building, including Mr. Allen, of its purchase and told those tenants without leases that they had to vacate the building by December 31, 1996. Mr. Allen, under the belief that a valid lease existed, did not immediately vacate the premises. Although Mr. Allen continued to occupy the premises until December 28, 1996, he stopped paying rent after September 1996.

Tower filed a petition initiating an action against Mr. Allen for unlawful detainer on December 16, 1996. Mr. Allen voluntarily vacated the premises on December 28, 1996. Mr. Allen filed his answer, counter-

claim, and third party petition joining MBT as a party for breach of contract on January 24, 1997.

The matter was tried in the Circuit Court of Jackson County, Missouri, on February 26, 1999. The trial court entered judgment in favor of Tower on the unlawful detainer action and in favor of both Tower and MBT on Mr. Allen's breach of contract cross-claim. The trial court awarded Tower damages in the amount of $7,458.69, plus an additional sum of $4,500.00 in attorney's fees based on an attorney's fee provision in the lease agreement between MBT and Mr. Allen. This appeal followed.

## II. MBT's Motion to Dismiss Appeal and Award Attorney's fees

MBT, by separate motion that this court ordered taken with the case, seeks the dismissal of Mr. Allen's appeal as it pertains to M.B.T. Partners, L.P. and accordingly demands an award of attorney's fees for a frivolous appeal pursuant to Rule 84.19. MBT contends that because Mr. Allen does not challenge the trial court's judgment as it relates to MBT, the appeal as it relates to MBT should be dismissed. In his Notice of Appeal, Mr. Allen named both Tower and MBT as respondents in the appeal. But in his brief, Mr. Allen challenges the trial court's finding of liability only to Tower. He does not argue that the trial court erred in its judgment as it relates to MBT. Where a plaintiff appeals against more than one party but only argues the liability of one party in his appellate brief, the appeal against the other party is deemed abandoned. *Hunsicker v. J.C. Industries, Inc.*, 952 S.W.2d 376, 381 (Mo.App. W.D.1997). Thus, Mr. Allen's failure to challenge the trial court's judgment that MBT was not liable on the breach of contract claim results in an abandonment of any claim Mr. Allen may have had against MBT. *Id.* Under these circumstances, this court is required to dismiss Mr. Allen's appeal as it relates to MBT.

MBT also moves this court for frivolous appeal damages under Rule 84.19. An appeal is frivolous if it presents no justiciable question and is so readily recognizable as devoid of merit on the face of the record that there is little prospect that it can ever succeed. *Fravel v. Guaranty Land Title*, 934 S.W.2d 23, 25 (Mo. App. W.D.1996). The purpose of awarding damages under Rule 84.19 is (1) to prevent congestion of appellate court dockets with cases devoid of merit which, by their presence, contribute to delaying resolution of cases with merit and (2) to compensate respondents for incurring expenses defending judgments against meritless issues. *Id.* Frivolous appeal sanctions are imposed with extreme caution to avoid chilling an appeal of even slight, colorable merit. *Id.*

Mr. Allen's appeal as it relates to MBT is frivolous. Mr. Allen named MBT as a party to the appeal but yet never claimed any error in the judgment as it relates to MBT's liability. Because no claim of error relating to MBT exists, MBT should have never been made a party to the appeal. As a result of being named a party to the appeal, MBT was compelled to retain counsel and defend against Mr. Allen's appeal. MBT is, therefore, entitled to reasonable attorney's fees under Rule 84.19. Mr. Allen's appeal as it relates to MBT is dismissed. The cause is remanded to the trial court for determination and award of reasonable attorney's fees to MBT for the frivolous appeal.

## III. Standard of Review

As a judge tried case, the standard of review is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), which interprets what is now Rule 73.01(c). Under this standard, this court will affirm and sustain the judgment of the trial court unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Jones v. Jones*, 10 S.W.3d 528, 532 (Mo.App. W.D.1999). Because

the trial court is in the best position to weigh all the evidence and render a judgment based on the evidence, the judgment should be affirmed under any reasonable theory supported by the evidence. *Id.*

## IV. Mr. Allen's Points on Appeal

■ Mr. Allen contends that the trial court erred in not entering a judgment in his favor on his breach of contract counterclaim against Tower properties. Mr. Allen asserts that he had a valid and existing lease with the original landlord, MBT, that contained options to continue to occupy the premises through September 30, 2002, which Mr. Allen claims he was entitled to and did in fact exercise, and that Tower Properties, as MBT's successor, breached the terms of the lease when it terminated the lease before it expired.

■ In order for a lease to be legally valid, it must possess the essential elements of any other contract. The essential elements of an enforceable contract are parties competent to contract, a proper subject matter, legal consideration, mutuality of agreement, and mutuality of obligation. *L.B. v. State Comm. of Psychologists,* 912 S.W.2d 611, 617 (Mo.App. W.D. 1995). The term "mutuality of agreement" implies a mutuality of assent by the parties to the terms of the contract. *Id.* The nature and extent of a contract's essential terms which form the basis of the parties' mutual assent must be certain or capable of being certain. *Id.* Especially relevant to the analysis of this case is the principle that a contract is not complete until the proposition of one party is presented to the other party and accepted as presented. *Id. (citing Randall v. Harmon,* 761 S.W.2d 278, 279 (Mo.App. S.D.1988); *Revere Copper & Brass v. Manufacturers' Metals & Chemicals,* 662 S.W.2d 866, 870 (Mo.App. W.D.1983)). The acceptance of the proposition presented by one party must be accepted by the other party in the form tendered. *Id.* Specifically, if the acceptance purports to add or alter the proposition made, then no binding contract is formed. *Id.* By adding terms or altering the terms of the original offer, a party makes a counteroffer and rejects the original offer. *Id.*

In this case, the record reveals that there was no mutual assent as to the terms of the second addendum to the lease because MBT did not accept Mr. Allen's second addendum to the lease in the form that it was tendered. Mr. Allen prepared the second addendum to the lease himself, which was to provide for several options to extend the lease through September 30, 2002. Mr. Allen signed the second addendum before mailing it to MBT. Upon receipt of the second addendum to the lease, MBT amended and modified it by adding a sixty-day notice provision requirement to exercise the options to extend the original lease. MBT then signed the modified second addendum and returned it to Mr. Allen. Although fully aware of the amendments and modifications to the second addendum made by MBT, Mr. Allen never accepted the new terms proposed by MBT's modifications and the original lease agreement expired at the conclusion of September 30, 1996, as a term of the lease.

Accordingly, the second addendum did not create a valid and enforceable contract. There was no "mutuality of agreement" as to the terms of the second addendum. The modified version of the second addendum was merely a counter offer made by MBT, which Mr. Allen did not accept. Absent a binding and enforceable second addendum to the lease, the lease terminated by the expiration of its term on September 30, 1996, as provided in the original lease and first addendum to the lease. No contract existed to extend the terms of the lease beyond September 30, 1996. Consequently, the lease was already terminated, by its own terms, when Tower asked Mr. Allen to vacate the property. The trial court, therefore, did not err in entering a judgment in favor of Tower on Mr. Allen's breach of contract claim. The point is denied.

■■■ Mr. Allen also contends on appeal that the trial court erred in entering a judgment in favor of Tower Properties on Tower's unlawful detainer action. Mr. Allen argues that he was entitled to notice to terminate the tenancy prior to the filing of the unlawful detainer action. Unlawful detainer is defined as "[w]hen any person willfully and without force holds over any lands, tenements or other possessions, after the termination of the time for which they were demised or let to the person." § 534.030, RSMo 1994. There can be no unlawful detention by the tenant until his leasehold estate is terminated. *Davidson v. Kenney*, 971 S.W.2d 896, 898 (Mo.App. W.D.1998).

In this case, Mr. Allen entered into a valid lease that provided for his tenancy until September 30, 1996. Mr. Allen continued to occupy the premises after the original lease term expired. The terms of the original lease contained a hold-over provision which stated that if Mr. Allen continued to hold the leased premises after the termination of the lease, the tenancy would continue as a month-to-month tenancy at will with all of the other conditions remaining the same. Therefore, pursuant to the terms of the original lease, Mr. Allen lawfully continued to occupy the premises after September 30, 1996, as a month-to-month tenant at will.

■■■ In order for Tower to show unlawful detainer, it was required to prove that Mr. Allen remained in possession after it validly terminated his month-to-month tenancy. *Davidson*, 971 S.W.2d at 898. Termination of a month-to-month tenancy is governed by section 441.060, which provides:

A tenancy at will or by sufferance, or for less than one year, may be terminated by the person entitled to the possession by giving one month's notice, in writing, to the person in possession, requiring the person in possession to vacate the premises.

These requirements have been interpreted to mean that the tenancy can only be terminated at the end of a rental period and notice of that termination must be given at least one rental period prior to the termination date. *Davidson*, 971 S.W.2d at 898; *McIlvain v. Kavorinos*, 202 S.W.2d 103, 105 (Mo.App.1947). Accordingly, in order to terminate Mr. Allen's month-to-month tenancy at will Tower must have given him one month's notice effectively stating that it was terminating the tenancy and for him to vacate the premises.

In a letter dated October 21, 1996, Tower provided Mr. Allen with the requisite notice to vacate the premises. The notice, however, gave Mr. Allen until December 31, 1996 to vacate the premises. Thus, Mr. Allen's tenancy did not terminate until December 31, 1996. Unlawful detention by the tenant does not occur until his leasehold estate is terminated. *Davidson*, 971 S.W.2d at 898. Moreover, Mr. Allen complied with the notice to terminate when he vacated the premises before the expiration of his tenancy on December 28, 1996. The trial court's judgment in favor of Tower on the claim for unlawful detainer is, therefore, reversed.

Although the judgment as it pertains to the unlawful detainer claim is reversed, equity requires the case be remanded to the trial court to allow Tower the opportunity to replead. As this court stated in *Murphy v. Cole Nat'l Corp.*, 731 S.W.2d 28 (Mo.App. W.D.1987):

[W]here the failure of proof results from a misconceived theory of recovery, but the evidence nevertheless shows a state of facts which may entitle the plaintiff to recover under a proper theory, in the interests of justice—and where the theory asserted at trial was not for strategic advantage—" 'the judgment will not be reversed outright, but instead, in the exercise of sound judicial discretion, *the case will be remanded to give·[the plaintiff] the opportunity to amend his petition, if so advised, so as to state a case*

*upon the theory which his evidence discloses.'"*

*Id.* at 31–32.

The rationale set out in this cited case applies here. While Tower did not plead a claim for rent and possession, the facts which it pleaded and showed stated such a claim. Although Tower is currently in possession of the property, it is still entitled to recover unpaid rent for the time Mr. Allen possessed the premises. Because Tower has shown the facts that may entitle it to rent, the portion of the judgment relating to the unlawful detainer action is reversed, but the cause is remanded to the trial court to permit Tower to replead in accordance with this opinion.

 Mr. Allen also contends on appeal that the trial court erred in awarding Tower $4,500.00 in attorney's fees based on an attorney's fee provision in the lease agreement between MBT and Mr. Allen. Missouri courts have adopted the "American Rule" which requires that litigants bear the expense of their own attorney's fees. *Waldroup v. Dravenstott,* 972 S.W.2d 364, 370 (Mo.App. W.D.1998). Exceptions to the "American Rule" are recognized that allow a party to recover attorney's fees if (1) a statute allows for their recovery; (2) a contractual provision allows for their recovery; (3) the fees are incurred due to involvement in collateral litigation; or (4) equity demands it. *Id.*

In this case, the trial court awarded Tower attorney's fees based on a contractual provision in the lease agreement between Mr. Allen and MBT, and in which Tower was the successor in interest. The lease contained two provisions relating to attorney's fees. The first provision in the lease provided for the recovery of reasonable attorney's fees when incurred in actions involving loss of life, bodily or personal injury or property damage. Mr. Allen's breach of contract action does not fall under this category of actions. The second attorney's fees provision in the lease provides that if the "Landlord brings any action under this lease, or consults or places this lease or any amount payable by Tenant hereunder with an attorney for the enforcement of any of Landlord's rights hereunder, then Tenant agrees in each and any such case to pay to Landlord the reasonable attorney's fees and other costs and expenses incurred by the Landlord in connection therewith." Based on this provision in the lease, attorney's fees can only be recovered when they are incurred in a cause of action arising out of the lease. The cause of action in this case was brought under the second addendum to the lease, which was never properly made a part of the original lease as discussed above. Therefore, the cause of action in this case was not covered by the attorney's fees provision in the original lease because it was a breach of contract action regarding the second addendum and not the original lease.

Accordingly, the trial court erred in awarding Tower its attorney's fees based on a contractual provision in the original lease. None of the exceptions to the "American Rule" apply in this case, and therefore each party should bear the expense of his own attorney's fees. The judgment as it pertains to the award of attorney's fees to Tower is reversed.

## V. MBT's Point on Cross Appeal

 In its sole point on cross-appeal, MBT contends that the trial court erred in refusing to award MBT its attorney's fees, which were incurred while defending itself against Mr. Allen's breach of contract claim, as provided for under the terms of the lease agreement between Mr. Allen and MBT. MBT argues that while the transfer of the land to Tower may have terminated the landlord-tenant relationship between MBT and Mr. Allen, the transfer had no effect on the contractual relationship between the parties. Thus, MBT argues that in accordance with the terms of the lease, MBT was entitled to reasonable attorney's fees incurred while

defending against Mr. Allen's breach of contract claim.

As stated before, the attorney's fees provisions in the lease provide for the recovery of reasonable attorney's fees only when incurred (1) in actions involving loss of life, bodily or personal injury or property damage; or (2) in a cause of action arising out of the lease. Mr. Allen's breach of contract action was neither a suit involving the loss of life, bodily or personal injury or property damage; nor was it a suit arising out of the lease between Mr. Allen and MBT. The cause of action in this case was brought under the second addendum to the lease, which was never properly made a part of the original lease as discussed above. Therefore, the cause of action in this case was not covered by the attorney's fees provision in the original lease because it was a breach of contract action regarding the second addendum and not the original lease. Thus the trial court did not err in refusing to award MBT its attorney's fees. The trial court's decision regarding MBT's claim for attorney's fees is affirmed. MBT's point is denied.

### VI. Conclusion

The judgment of the trial court is affirmed in part and reversed in part. MBT's motion to dismiss Mr. Allen's appeal as it relates to MBT and to award attorney's fees under Rule 84.19, which was ordered taken with the case, is granted. The cause is remanded to the trial court for determination and award of the attorney's fees incurred by MBT in defending against Mr. Allen's appeal. The trial court's judgment as it pertains to Mr. Allen's breach of contract claim is affirmed. The portion of the judgment relating to Tower's unlawful detainer action is reversed, but the cause is remanded to the trial court to permit Tower to replead in accordance with this opinion. The judgment as it pertains to the award of attorney's fees to Tower and against Mr. Allen is reversed. The trial court's judgment

refusing to award MBT attorney's fees is affirmed.

BRECKENRIDGE, P.J., and HOWARD, J., concur.