

# Missouri Court of Appeals
## Southern District
### Division Two

CHRISTINE O'CONNELL and )
GREG O'CONNELL, )
         )
    Plaintiffs-Respondents, )
v.                        )    No. SD36872
                          )    Filed: July 27, 2021
LEECHIA RAQUEL DEERING, )
         )
    Defendant-Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF CHRISTIAN COUNTY

Honorable Jessica L. Kruse, Associate Circuit Judge

## AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS

Defendant Leechia Raquel[1] Deering (Deering) appeals from the trial court's judgment in favor of plaintiffs Christine and Greg O'Connell (hereinafter referred to collectively as the O'Connells and individually by their given names) in their unlawful detainer action. The judgment awarded the O'Connells immediate possession of their leased premises, unpaid rent, late fees, and attorney fees.

---

[1] While Deering's middle name is shown in the judgment as Rachel, the notice of appeal and her signature on exhibits show it to be Raquel. We are satisfied that Raquel is her middle name and make that correction here. On remand, the trial court is directed to enter her corrected name in the amended judgment.

On appeal, Deering contends the trial court erred by granting relief on the unlawful detainer claim because: (1) according to the terms of the lease, she became a month-to-month tenant when she remained in possession of the property after the lease expired; (2) pursuant to the provisions of § 441.060, she was entitled to one month's written notice to vacate; and (3) the O'Connells failed to prove that they properly terminated Deering's month-to-month tenancy by giving her timely written notice.[2] We agree. Therefore, we reverse the judgment and remand with directions for the trial court to enter an amended judgment awarding the O'Connells only their unpaid rent.

*Standard of Review*

The judgment is presumed correct, and the party challenging the judgment bears the burden of proving it erroneous. ***Denny v. Regions Bank***, 527 S.W.3d 920, 924-25 (Mo. App. 2017). In this court-tried case, our review is governed by Rule 84.13(d) and ***Murphy v. Carron***, 536 S.W.2d 30, 32 (Mo. banc 1976). We are required to affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. ***Murphy***, 536 S.W.2d at 32. We review questions of law decided in a court-tried case *de novo*. ***I-70 Mobile City, Inc. v. Cartwright***, 595 S.W.3d 161, 163 (Mo. App. 2020).

*Factual and Procedural Background*

In April 2019, Deering signed a residential lease agreement (Lease), on a form presented to her by the O'Connells, to possess property they owned. The Lease obligated Deering to pay $790 per month for twelve months. The Lease term commenced on April 1, 2019 and expired on March 31, 2020. According to the Lease, "[n]either Landlord or Tenant

---

[2] All statutory references are to RSMo (2016). All references to rules are to Missouri Court Rules (2021).

2

shall be bound by any terms, conditions, statements, warranties or representations, oral or written, not herein contained unless made in writing and signed by both Landlord and Tenant." The Lease also specified the nature of the tenancy created if Deering remained in possession after the Lease expired: "if Tenant shall hold over after the expiration of the term of this Lease, Tenant shall, in the absence of any written agreement to the contrary, be a tenant from month to month, as defined by applicable Missouri law[.]"

On March 9, 2020, the O'Connells sent a letter to Deering informing her that the Lease terminated on March 31, 2020, and would not be renewed. Deering also was informed that the O'Connells would extend the Lease for an additional two weeks, if needed, to April 15, 2020. The letter included signature lines for Deering and the property manager to sign and date, but neither party signed the letter. Deering tendered her April rent in the full amount. The O'Connells accepted the rent.

On April 25, 2020, the O'Connells sent Deering a second letter, which stated that the Lease terminated on March 31, 2020, and her move-out date was extended until April 30, 2020. This letter told Deering to deliver possession of the premises by May 15, 2020. Signature lines for the parties to sign and date were included. The O'Connells signed the letter, but Deering did not do so. On May 6, 2020, Christine O'Connell sent Deering a text that reiterated the May 15th deadline to move out. Deering continued in possession during the month of May and tendered rent in two payments of $395 each. The O'Connells accepted the May 2020 rent payments.

On May 22, 2020, Christine called Deering and said that she would need to surrender possession of the premises by May 25, 2020. Christine had found a new tenant and wanted to put that tenant into possession the next day. Deering continued to possess the premises

3

past the May 25, 2020 date set by the O'Connells. Around June 2, 2020, Deering attempted to pay rent for June, but the O'Connells would not accept that rent payment.[3]

On June 8, 2020, the O'Connells filed this unlawful detainer action against Deering in the associate division of the circuit court. The O'Connells sought immediate possession, unpaid rent, late fees accruing while the unlawful detainer claim was pending, attorney fees and costs. Deering was personally served on June 9, 2020. The return date on the summons was July 28, 2020. On July 20, 2020, Deering's attorney filed a motion to dismiss. The motion alleged that Deering did not receive the timely notice to vacate required by § 441.060. That motion was later denied. On August 26, 2020, Deering filed an answer, which pleaded the affirmative defense that "Plaintiff's claim is barred because the Plaintiff failed to cancel lease contract as required by RSMo. § 441.060." A bench trial was held September 24, 2020, at which time Deering was still in possession of the premises.

On October 14, 2020, the trial court entered a docket order stating that the court found in favor of the O'Connells on their claim. The court found that the O'Connells consented to extensions of time to allow Deering to move out, "allowing three separate extensions to April 15, April 30 and May 15." By accepting payment for rent for those periods, the O'Connells "showed consent for these short extensions of tenancy" but not "to a month to month tenancy[.]" The trial court referenced the two letters sent by the O'Connells and found that "the agreement was simply an extension of the final date of a fixed term" and that, after May 16, 2020, Deering was a holdover tenant not entitled to notice to vacate.

---

[3] The monthly payment was due the first day of the month and was considered late if not paid by end of the second day.

On October 27, 2020, the trial court entered judgment for the O'Connells for immediate possession of the premises and $7,888.50, which included five months' unpaid rent from June through October, late fees of $436, and attorney fees in the amount of $3,502.50. This appeal followed.

*Discussion and Decision*

Deering presents one point for decision. She contends the trial court misapplied the law by entering judgment in favor of the O'Connells on their unlawful detainer claim. Deering argues that she was a month-to-month tenant after the lease expired, and she was not given the timely written notice to vacate required by § 441.060. We agree.

"An action for unlawful detainer is a limited statutory action where the sole issue to be decided is the immediate right of possession to a parcel of real property." *Federal Nat. Mortg. Ass'n v. Wilson*, 409 S.W.3d 490, 495 (Mo. App. 2013); *Williams v. HSBC Bank USA, N.A.*, 467 S.W.3d 836, 841 (Mo. App. 2015). Unlawful detainer occurs "[w]hen any person willfully and without force holds over any lands, tenements or other possessions, after the termination of the time for which they were demised or let to the person[.]" § 534.030.1. "There can be no unlawful detention by the tenant until [the leasehold] estate is terminated[.]" *Fisher v. Payton*, 219 S.W.2d 293, 296 (Mo. App. 1949). With respect to termination of the leasehold, "Missouri also follows the principle that the statutes governing notice in an unlawful detainer action must be strictly construed." *Davidson v. Kenney*, 971 S.W.2d 896, 899 (Mo. App. 1998); *see also Fisher*, 219 S.W.2d at 296 (landlord must prove that notice to vacate was timely and in strict compliance with requirements of the statute); § 441.060 (requiring "one month's notice, in writing, to the person in possession").

Here, the 12-month rental term specified in the Lease expired on March 31, 2020. An extension of the Lease term required a writing signed by both parties, which did not

5

occur. Therefore, the term of the Lease was not extended. Although the O'Connells argue the parties agreed to three separate extensions of the Lease (April 15th, 30th and May 15th), none of the purported extensions comply with the terms of the Lease. *See Fuller v. TLC Property Management, LLC*, 402 S.W.3d 101, 104 (Mo. App. 2013) (a lease, as both a conveyance and a contract, must be construed as a whole and viewed from end to end and corner to corner). The two letters the O'Connells sent Deering were never signed by her, which was necessary to change the term of the Lease. The text sent to Deering was ineffective for the same reason – because it was not signed by both parties. Thus, the trial court erred by concluding that the term of the Lease was extended.

Further, since Deering remained in possession after March 31, 2020, the Lease required that she became a month-to-month tenant. Because of that contract provision, the O'Connells consented in advance to the creation of a month-to-month tenancy when Deering remained in possession. No other consent on the part of the O'Connells was required.

The O'Connells argue that, for a tenant to become a month-to-month tenant, the landlord must indicate consent to the new term of tenancy. Their reliance on *Cusumano v. Outdoors Today, Inc.*, 608 S.W.2d 136 (Mo. App. 1980), is misplaced because that case is factually distinguishable. *Cusumano* involved a hold-over tenant under a fixed-term lease with no hold-over provision. *Id*. at 137-38. The trial court was asked to decide, *inter alia*, whether a landlord-tenant relationship existed during the hold-over period, and the court decided no such relationship existed. *Id*. at 138. On appeal, the eastern district of this Court deferred to trial court's finding. *Id*. at 139. The eastern district held that, for some character of tenancy to result from a tenant's holding over, "the landlord must indicate, in some manner, his consent to the new tenancy. The mere holding over by a tenant, standing alone, does not create a new tenancy." *Id*. *Cusumano* is inapposite because the lease there did not

6

include a hold-over provision. Here, the Lease explicitly stated that Deering would become a month-to-month tenant if she remained in possession after the Lease expired. Therefore, the O'Connells expressly consented to the creation of that tenancy by the terms of the Lease.

A similar lease provision was addressed in *Tower Properties Co. v. Allen*, 33 S.W.3d 684 (Mo. App. 2000). The lease at issue there stated that if a tenant remained in possession of the leased premises following expiration of the lease, the tenancy would continue as "a month-to-month tenancy at will with all of the other conditions remaining the same." *Id*. at 689. Based on that lease language, the western district held that:

> The terms of the original lease contained a hold-over provision which stated that if [tenant] continued to hold the leased premises after the termination of the lease, the tenancy would continue as a month-to-month tenancy at will with all of the other conditions remaining the same. Therefore, pursuant to the terms of the original lease, [tenant] lawfully continued to occupy the premises after [lease expiration date], as a month-to-month tenant at will.

*Id*. Thus, like the tenant in *Tower* and "in the absence of any written agreement to the contrary," Deering continued to lawfully occupy the premises after the Lease expired, as "a tenant from month to month as defined by applicable Missouri law," pursuant to the hold-over section of the Lease. *See id*.; *see also* *Davidson v. Kenney*, 971 S.W.2d 896, 897 (Mo. App. 1998) (lease similarly provided that "if a new lease were not signed at the end of the original lease term, the tenancy would continue as a month-to-month tenancy with all of the other conditions remaining the same").

Given that Deering became a month-to-month tenant, for the O'Connells to successfully prevail on their unlawful detainer claim, they had to prove that Deering remained in possession after they validly terminated Deering's month-to-month tenancy.

*Tower*, 33 S.W.3d at 689; *Davidson*, 971 S.W.2d at 898.  Termination of a month-to-month tenancy is governed by § 441.060.[4]  This statute states:

> A tenancy at will or by sufferance, or for less than one year, may be terminated by the person entitled to the possession by giving **one month's notice**, in writing, to the person in possession, requiring the person in possession to vacate the premises.

§ 441.060.1 (bold emphasis added "Cases have interpreted these requirements to mean that the tenancy can only be terminated at the end of a rental period and notice of that termination must be given at least one rental period prior to the termination date." *Davidson*, 971 S.W.2d at 898.  "If either party desires to terminate the tenancy, he must give a month's notice of his intention.  If he suffers a new month to commence, he cannot terminate the tenancy till the end of the next month, and in order to do so, he must give the required notice at or before the end of the current month." *Gunn, et al. v. Sinclair*, 52 Mo. 327, 330 (1873); *Fisher*, 219

---

[4]  After the O'Connells filed their first amended petition, Deering did not file a second answer.  The O'Connells argue that, because Deering failed to file a second answer and reassert her affirmative defense based on § 441.060, she was barred from raising the issue at trial.  We disagree.  An unlawful detainer lawsuit is a statutory action brought pursuant to chapter 534. *See* **Wells Fargo Bank, N.A. v. Smith**, 392 S.W.3d 446, 455 (Mo. banc 2013).  There is no provision in chapter 534 that addresses the filing of an answer or affirmative defenses in an unlawful detainer action.  Therefore, "to the extent practice and procedure are not provided in this [chapter 534] the practice and procedure provided in chapter 517 shall apply."  § 534.060; **Wells Fargo Bank**, 392 S.W.3d at 455.  In relevant part, § 517.031 states that "[a]ffirmative defenses, counterclaims and cross claims shall be filed in writing not later than the return date and time of the summons unless leave to file the same at a later date is granted by the court.  No other responsive pleading need be filed."  § 517.031.2; **Becker Glove Int'l, Inc. v. Jack Dubinsky & Sons**, 41 S.W.3d 885, 888 (Mo. banc 2001) (section 517.031.2 requires that "affirmative defenses, counterclaims and cross claims shall be filed in writing" in order to "introduce new matter into the lawsuit"); *see also* **Universal Credit Acceptance, Inc. v. Ware**, 556 S.W.3d 69, 79 (Mo. App. 2018) (similarly acknowledging the simplified nature of chapter 517 proceedings and that informal pleadings are the general rule).  Deering first raised the § 441.060 notice issue in her motion to dismiss, which was filed prior to the return date.  This writing was sufficient to raise the § 441.060 affirmative defense.  No other responsive pleading was required from Deering on this issue. *See* **Becker Glove Int'l**, 41 S.W.3d at 888.  While Deering repeated the affirmative defense in her answer, she was not required to do so to keep the issue alive in the case.

S.W.2d at 296; **Davidson**, 971 S.W.2d at 898. Given that the requirements for an unlawful detainer action must be strictly construed, "where the notice purports to require the tenant to vacate *less than* thirty days after the end of the month in which the notice is given, the notice is completely invalid and ineffective to terminate the tenancy at any date." **Davidson**, 971 S.W.2d at 899 (italics added).

Deering did not receive the timely written notice to vacate required by § 441.060. The March 9th letter purported to extend the Lease, but it was ineffective for that purpose because Deering did not sign the letter. It also asked Deering to vacate on April 15th, which provided less than one month's notice. The April 25th letter told Deering to deliver possession by May 15th, which also provided less than the one-month written notice required by § 441.060. The May 6th text told Deering to vacate by May 15th, which did not comply with that statute either. The May 22nd phone call did not comply with the statute because it was not a writing and it sought to require Deering to vacate just three days later, on May 25th. Since none of these notices provided the requisite one month's notice as required under § 441.060.1, the notices were "completely invalid and ineffective" to terminate the month-to-month tenancy. **Davidson**, 971 S.W.2d at 898. "It was the duty of plaintiff to offer evidence which would show that the notice given in this case was in strict compliance with the requirements of the statute." **Fisher**, 219 S.W.2d at 296. There being no such evidence, the O'Connells were not entitled to unlawful detainer relief, and the judgment granting them immediate possession of the premises was erroneous. *See id*.; *see also* **Davidson**, 971 S.W.2d at 900.

The O'Connells also argue that the "matter of immediate possession is moot, as the subject property has been returned to the O'Connells." They represent in their brief that after Deering was served in February 2021 with a writ of restitution and execution in their

9

action for unlawful detainer, "Deering has vacated the premises, and the O'Connells have possession" of the premises. Therefore, the O'Connells argue that "the Judgment entered by the trial court is still critical[,]" but on appeal, "possession has become moot and any decision by this Court would be unnecessary." A similar argument was rejected by the Court in *Cusumano*, 608 S.W.2d at 138. There, the issues before the Court included immediate possession under the claim for unlawful detainer, and an award of $1,200 in damages. *Id*. The Court simply noted that it "cannot, under the circumstances of this case, accept one party's contention that a dispute which was carried to the trial no longer exists" and held that "the appeal is not moot." *Id*. The Court went on to address both the unlawful detainer claim and related damage award. *Id*. at 139. We follow the same procedure here. Like *Cusumano*, immediate possession was not the only issue the O'Connells presented. They also sought unpaid rent, late fees and attorney fees.

For all the reasons outlined above, the O'Connells failed to prove that they properly terminated the Lease by giving Deering timely written notice of termination, as required by § 441.060. Therefore, Deering lawfully remained in possession of the premises during the hold-over period. *See Tower*, 33 S.W.3d at 689. The trial court erred by ruling in favor of the O'Connells on their unlawful detainer claim seeking immediate possession of the premises. *See id*. at 690; *Davidson*, 971 S.W.2d at 900; *Fisher*, 219 S.W.2d at 296. Deering's single point on appeal is granted.

The trial court's erroneous ruling in favor of the O'Connells also resulted in awards to them for attorney fees and late fees that they requested. We address each in turn.

With respect to attorney fees, Missouri courts have adopted the "American Rule," which generally requires that litigants bear the expense of their own attorney fees. *See Tower Properties Co.*, 33 S.W.3d at 690. There are recognized exceptions to this general

rule that allow a party to recover attorney fees "when they are provided for by contract, statute or where equity may require." ***Harris v. Union Elec. Co.***, 766 S.W.2d 80, 89 (Mo. banc 1989); *see **Tower Properties Co.***, 33 S.W.3d at 690. "Where the claim to attorneys' fees is based upon a contract, the court must adhere to the terms of the contract and may not go beyond it." ***Harris***, 766 S.W.2d at 89. The O'Connells' request for attorney fees is based upon the following provision in the Lease:

**Court Costs and Attorneys Fees**

In the event that the Landlord shall find it necessary to expend any monies <u>in legally enforcing any provisions of this lease</u>, including the collection of rent or other charges due hereunder, Tenant agrees to pay a reasonable attorney's fee and all expenses and costs incurred thereby, to the greatest extent allowed by applicable law.

(Bold emphasis and underlining added.) This provision does not entitle the O'Connells to recover attorney fees from Deering. Their unlawful detainer action was based on the assumption that the O'Connells were entitled to immediate possession of the premises when suit was filed. For the reasons set forth above, that assumption was incorrect. Adhering to the terms of the attorney-fee provision as we must, the O'Connells were not entitled to recover attorney fees because the Lease provision did not legally entitle the O'Connells to immediate possession of the premises. *See **Harris***, 766 S.W.2d at 89-90 (American Rule therefore applies requiring each party to bear the expense of their own fees); *see, e.g.*, ***Tower Properties Co.***, 33 S.W.3d at 690 (same holding, reversing award of attorney fees). Therefore, the trial court erred by awarding attorney fees to the O'Connells.

The O'Connells also were not entitled to the $436 in late fees awarded by the trial court. Deering tendered, and the O'Connells accepted, the rent payments for April and May. In June, Deering timely tendered her rent for that month, but the O'Connells refused to accept it. Therefore, the trial court erred in awarding late fees to the O'Connells. *See, e.g.*,

11

*Davidson*, 971 S.W.2d at 900 (reversing unlawful detainer, including late fees, and stating landlord entitled to "rent and damages for waste" only).

The O'Connells are, however, entitled to recover unpaid rent that they requested at trial for the time Deering possessed the premises. *See Tower*, 33 S.W.3d at 690; *Davidson*, 971 S.W.2d at 900. The trial court was correct in awarding unpaid rent for the hold-over period through the date of trial. There appears to be a clerical error, however, in the amount of unpaid rent specified in the judgment, which awarded unpaid rent from June through October 2020. The judgment lists unpaid rent at $4,950, but five months' rent at $790 equals $3,950. That $3,950 amount, added to the awards for late fees and attorney fees, equals the total award specified in the judgment.

The judgment in favor of the O'Connells is affirmed, but only as to the award for back rent in the amount of $3,950. All other monetary awards in the O'Connells' favor are vacated. On remand, we direct the trial court to enter an amended judgment in favor of the O'Connells for $3,950. We also note that the original judgment did not address the issue of court costs. On remand, the trial court should address that issue in the amended judgment.[5]

JEFFREY W. BATES, C.J./P.J. – OPINION AUTHOR

GARY W. LYNCH, J. – CONCUR

MARY W. SHEFFIELD, J. – CONCUR

---

[5] Because Deering prevailed on most of the issues raised at trial, the trial court should apportion court costs in its discretion on remand. *See, e.g.*, *Curators of Univ. of Missouri v. Suppes*, 583 S.W.3d 49, 57-58 (Mo. App. 2019); § 514.060 (this section does not dictate an all or nothing approach to the recovery of costs); § 514.090 (allowing costs to be awarded in the court's discretion when some issues in the petition are found for the defendant). After the issue of court costs is determined, the circuit clerk should then issue an itemized bill of court costs. Any party may have a bill of costs reviewed by the trial court pursuant to Rule 77.05.